IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENIFER MARTUCH, | ) | CASE NO. 1:12-cv-528 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL | ) | KATHLEEN B. BURKE |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

Pending before the Court is Plaintiff Jenifer Martuch's Motion for Attorney Fees, wherein plaintiff's counsel, Marcia W. Margolius, requests an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $5,547.50. Doc. 14. Defendant filed a response indicating that it does not object to the amount sought by plaintiff's counsel. Doc. 17. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2(b)(1). Doc. 15.

**I.     Law & Analysis**

**A. Attorney fee awards in social security disability cases**

There are two statutes under which a plaintiff may recover attorney fees in a social security disability case. First, under the EAJA, a plaintiff may recover attorney fees which, if awarded, are paid by the government. *See* 28 U.S.C. § 2412. Second, as part of the judgment rendered in favor of a plaintiff, a court may award a reasonable fee for an attorney's representation in court which, if awarded, are to be paid out of a plaintiff's past-due benefits, not as an addition to the amount of past due-due benefits. *See* 42 U.S.C. § 406(b). The fee awarded pursuant to 42 U.S.C. § 406(b) may not be in excess of 25 percent of the total past-due benefits.

1

*Id.* Further, a plaintiff's counsel may not receive fees under both statutes for the same work. *Bowman v. Colvin*, 2014 WL 1304914, * 2 (N.D. Ohio Mar. 27, 2014). Thus, if a court awards both EAJA fees and fees under 42 U.S.C. § 406(b), the plaintiff's attorney is required to refund the smaller amount to the plaintiff. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

### B. Reasonableness of attorney fees under 42 U.S.C. § 406(b)

In *Gilsbrecht*, the Supreme Court recognized the "prevalence of contingent-fee agreements between attorneys and Social Security claimants." *Id*. at 805. In doing so, the Supreme Court held that "§ 406(b) does not displace contingent-fee agreements within the statutory [25 percent] ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 808-809. The Supreme Court observed that, in enacting § 406(b), Congress set one boundary line, namely, "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. at 807. However, "[w]ithin the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Sixth Circuit "precedent accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)). Courts shall make deductions for large fees in only two circumstances: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall *because of either an inordinately large benefit award or from minimal effort expended*." *Hayes*, 923 F.2d at 420-421 (discussing *Rodriquez*, 865 F.2d at 746) (emphasis in original). If the foregoing reasons are not applicable, "an agreement for a 25% fee,

the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable." *Id*. at 421. Additionally, in *Hayes*, the Sixth Circuit held that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id*. at 422.

### C. Plaintiff's request for attorney fee award under 42 U.S.C. § 406(b)

On March 26, 2019, plaintiff was awarded past due social security benefits going back to 2008; 25% of her award, or $16,372.50, was withheld for attorney fees. Doc. 14, p. 1; Doc. 14-1, p. 3; Doc. 14-2, p. 3; Doc. 14-3, p. 3. Plaintiff signed a Social Security Client Fee Agreement wherein she agreed to pay her attorney 25% of all past-due benefits awarded if the Social Security Administration favorably decided her claim. Doc. 14-4. Plaintiff's counsel seeks $5,547.50, representing less than 25% of plaintiff's past-due benefits. Doc. 14, p.1.

Additionally, plaintiff's counsel submitted documentation that she spent a total of 15.85 hours in connection with the federal court litigation. Doc. 14-5. Based on 15.85 hours of work, payment of $5,547.50 would result in an hourly rate of $350, which is less than twice the amount of the hourly rate of $350.00 normally charged by plaintiff's counsel. Doc. 14-6, p.1, ¶4. Thus, it cannot be said that counsel will enjoy a windfall. *See Hayes*, 923 F.3d at 422.

## II. Conclusion

For the reasons explained above, the undersigned recommends that the Court grant plaintiff's motion (Doc. 14) and awards attorney fees in the amount of $5,547.50 under 42 U.S.C. § 406(b).

Dated: May 1, 2019

*/s/ Kathleen B. Burke*

Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).